

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00145-CR

---

AARON ROSS EPPERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F15099

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Aaron Ross Epperson pled guilty to evading arrest with a motor vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04. Epperson entered into a plea-bargain agreement with the State which encompassed not only the offense at issue in this case, but also the offense at issue in companion cause number 06-23-00144-CR, aggravated assault of a public servant. Pursuant to the plea agreement, Epperson was placed on deferred adjudication community supervision for three years. The terms and conditions of Epperson's community supervision required him to, among other things, refrain from committing another crime.

The State alleged that Epperson breached the terms of his community supervision by committing another crime, namely attempted burglary of a habitation. The State moved to adjudicate Epperson's guilt on both offenses encompassed by the plea agreement. After an evidentiary hearing, the trial court found the State's allegation true, and adjudicated Epperson's guilt on both offenses encompassed by the plea agreement.

For evading arrest with a motor vehicle, the trial court sentenced Epperson to ten years' imprisonment. Appealing that conviction and sentence, Epperson argues that the evidence was legally insufficient to prove that he had violated the terms and conditions of his community supervision by committing attempted burglary of a habitation. We addressed Epperson's argument in detail in our opinion in companion cause number 06-23-00144-CR. For the reasons stated therein, we conclude that legally sufficient evidence supported the trial court's decision to adjudicate Epperson's guilt in this matter. As a result, we overrule Epperson's point of error.

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     November 27, 2023
Date Decided:       December 8, 2023

Do Not Publish